# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Heriberto Plancarte Barragan,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-12(02) ADM/JJK

_____

Andrew Dunne, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Heriberto Plancarte Barragan, *pro se*.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a determination of Defendant Heriberto Plancarte Barragan's ("Barragan") Motion Under 18 U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody [Docket No. 116]. Barragan requests a reduction of his sentence in light of Amendment 782 to the United States Sentencing Guidelines. For the reasons set forth below, Barragan's Motion is denied.

## II. BACKGROUND

On January 13, 2014, a federal grand jury in the District of Minnesota returned a two-count Indictment charging Barragan and two co-defendants with trafficking of methamphetamine offenses. Indictment [Docket No. 28]. On March 18, 2014, Barragan pled guilty to Count 1 of the Indictment charging him with "conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine." Plea Agreement [Docket No. 65] ¶ 1; Indictment at 1.

Prior to sentencing, the U.S. Probation Office submitted a Revised PreSentence

Investigation Report ("PSR") stating that Barragan was a minor participant in one transaction of distributing methamphetamine and was accountable for 4.533 kilograms of methamphetamine (actual). PSR ¶ 15. The amount involved in the offense carries the highest base offense level (38) on the Drug Quantity Table. See U.S.S.G. § 2D1.1. The PSR calculated a reduced base level of 34 pursuant to U.S.S.G. § 2D1.1(a)(5), which provides an adjustment for a mitigating role under U.S.S.G § 3B1.2. See PSR ¶ 21. The PSR also recommended a 2-level guideline reduction pursuant to the safety valve provisions of U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2(a), a 2-level guideline reduction for a mitigating role pursuant to U.S.S.G. § 3B1.2, and a 3-level guideline reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. PSR ¶¶ 22, 24, 28–29. Thus, the PSR calculated a total offense level of 27, resulting in a guideline range of imprisonment of 70-87 months. PSR ¶ 54.

At sentencing on July 9, 2014, the Court adopted the factual findings and guideline calculations of the PSR and imposed a sentence of 58 months imprisonment followed by a three-year term of supervised release. Sentencing J. [Docket No. 93]; Statement of Reasons [Docket No. 94] ¶ I.A. This downward departure from the applicable guideline range was based on the sentencing factors set forth in 18 U.S.C. § 3553(a). Statement of Reasons at 4.

In February 2015, Barragan filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Barragan requests a sentence reduction based upon Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense level for most drug quantity offenses under U.S.S.G. § 2D1.1. Amendment 782 took effect on November 1, 2014 and is to be applied retroactively effective November 1, 2015. United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014) (citing U.S.S.G. § 1B1.10(d) and (e)(1)). Barragan argues that Amendment 782

applies to his sentence and that his base offense level should therefore be reduced by two.

On March 6, 2015, the U.S. Probation Office filed a letter specifying that Barragan's offense level and guideline range remained unchanged by Amendment 782. See Revised 2014 Drug Retroactivity Letter [Docket No. 119]. On June 26, 2015, Plaintiff United States of America ("the Government") filed its response to Defendant's Motion [Docket No. 124]. The Government contends that reduction is not appropriate because the base offense level for an individual responsible for 4.5 or more kilograms of methamphetamine (actual) was not lowered under Amendment 782, and thus 18 U.S.C. § 3582(c)(2) does not authorize a sentence reduction.

### III. DISCUSSION

Barragan's Motion is premised upon 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This provision "applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." Dillon v. United States, 560 U.S. 817, 825–26 (2010); see also United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (holding defendant ineligible for sentence reduction under 18 U.S.C. § 3582(c)(2) where defendant's original sentence was unaffected by amendment to sentencing guidelines). Additionally, a sentence reduction under § 3582(c)(2) must be

consistent with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.10. Dillon, 560 U.S. at 826. A reduction in a defendant's term of imprisonment based on Amendment 782 is not consistent with U.S.S.G. § 1B1.10 if Amendment 782 does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Barragan's sentence was based on a finding that he was responsible for 4.533 kilograms of methamphetamine (actual). Amendment 782 did not lower the base offense level of an individual responsible for 4.5 kilograms or more of methamphetamine (actual). Both before and after Amendment 782, the base offense level of an individual responsible for 4.5 kilograms or more of methamphetamine(actual) is 38. See U.S.S.G. § 2D1.1(c)(1). Because of the amount of drugs involved, Barragan's offense level would not change, his guideline range would not be lowered, and his original sentence is unaffected by Amendment 782. See Revised 2014 Drug Retroactivity Letter at 2. Therefore, the Court lacks the authority to reduce Barragan's sentence under 18 U.S.C. § 3582(c)(2).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Heriberto Plancarte Barragan's Motion Under 18 U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody [Docket No. 116] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated: August 4, 2015.